PER CURIAM.
11 Denied. The District Court correctly dismissed each of relator’s claims for post-conviction relief. We attach hereto and make a part hereof the District Court’s well-considered reasons denying relator post-conviction relief. Furthermore, relator fails to show he was denied the effective assistance of counsel during plea negotiations under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Similarly, as to the claim that he entered the guilty pleas involuntarily, relator has failed to satisfy the post-conviction burden of proof. La,C.Cr.P. art. 930.2. In addition, because relator complained about the validity of his guilty plea in an earlier application, that claim is impermissibly repetitive. La. C.Cr.P. art. 930.4.
Relator has now fully litigated two applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against |2successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, ■ relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
_k
APPENDIX
STATE OF LOUISIANA PARISH OF OUACHITA FOURTH DISTRICT COURT
STATE OF LOUISIANA
VERSUS NO. 11-F 0306
EDDIE BROWN, III
*1277 FILED: Oct. 20, 2014
/$/ Paul Miyahina
DEPUTY CLERK OF COURT
RULING REGARDING POST CONVICTION RELIEF APPLICATION FILED
SEPTEMBER 22, 2014
On the above-mentioned date, Petitioner filed a uniform application for post conviction relief contending he was denied effective assistance of counsel and that, his guilty plea is constitutionally invalid. For the reasons which follow, both claims are DENIED.
Petitioner’s September 22, 2014 post conviction relief application is the latest in a long list of pro se filings in this proceeding. Petitioner filed pro se motions both before and after his guilty plea which address the same issues now raised in his PCR application. These issues have already been resolved adversely to Petitioner during the course of this proceeding.
As recited by Petitioner in his post conviction relief application, a hearing has already been held with respect to his request to dismiss the lawyer appointed to represent him as ineffective with that issue being resolved adversely to Petitioner’s desires. Furthermore, the plea of guilty entered by Petitioner in this case has already been challenged by means of a motion to withdraw same which was decided adversely to Petitioner’s desires both at the Trial Court, the Court of Appeal, and the Louisiana Supreme Court.
In addressing Petitioner’s claims, the Court has reviewed a transcript of those proceedings occurring in Petitioner’s case on February 19 and 20, 2013, May 20, 2013, and June 4, 2014 before this Court. A review of these transcripts establishes Petitioner’s claims are without merit.[1]
14Simply put, Petitioner came to have “buyer’s remorse” shortly after the entry of his guilty plea and has worked fervently to try to withdraw his guilty plea ever since.
Concerning Petitioner’s claim that his appointed lawyer was ineffective, a review of the Record demonstrates exactly the opposite. The above-mentioned transcripts: which are hereby made a part of this ruling demonstrate the effectiveness of his Counsel. Beyond that, the various motions filed, their litigation and disposition, all indicate that Counsel’s performance was far from deficient. Moreover, Petitioner cannot demonstrate any prejudice resulting to him from his lawyer’s performance and, consequently, cannot make out a claim of ineffective assistance of counsel under the applicable legal standard.
A review the transcript of Petitioner’s plea of guilty and sentence establish that he was fully informed of his rights, their waiver, and the consequences of entering his guilty plea prior to same being accepted and Petitioner being sentenced. Moreover, this same Record will establish that Petitioner’s plea of guilty was entered knowingly, intelligently, freely, and voluntarily in the face of trial and his impending conviction. Under that pressure, Petition *1278 er was agreeable to enter his guilty plea. Once that pressure had been removed, he then sought to set aside his plea bargain in hopes of re-litigating and/or re-negotiating his case. The Record provides no basis in support of Petitioner’s claim that his plea of guilty is constitutionally infirm just as it provided no basis allowing him to withdraw that same guilty plea.
For these reasons, the claims advanced by Petitioner in his uniform application for post conviction relief filed September 22, 2014 are hereby denied.
Done and signed this 17th day of October, 2014 in Monroe, Louisiana!
/s/ Wilson Rambo
WILSON RAMBO, JUDGE
FOURTH DISTRICT COURT

. Under LSA-C. C.P. 929, the Court disposes of Petitioner’s claims summarily and without an evidentiary hearing. While the strict terms of Article 929 indicate and answer or response by the State should be provided, these same transcripts contain a detailed response by the State to each aspect of the claims raised by Petitioner in his post conviction relief application. Consequently, to require the State to respond further prior to the Court’s summary disposition of these claims would add nothing to the Record presented for the Courts consideration in rendering summary disposition.